IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| LIONEL LIMA, JR., and BARBARA-ANN DELIZO-LIMA; and CALVIN JOHN KIRBY, individually and on behalf of all others similarly situated,<br><br>            Plaintiffs,<br><br>   vs.<br><br>DEUTSCHE BANK NATIONAL TRUST COMPANY; THE LAW OFFICE OF DAVID B. ROSEN, a Hawaii professional corporation; DAVID B. ROSEN, individually; et al.,<br><br>            Defendants.<br>_____ | CIVIL. NO. 12-00509 SOM/RLP<br><br>ORDER ADOPTING IN PART THE MAGISTRATE JUDGE'S FINDINGS AND ADOPTING RECOMMENDATIONS TO DENY PLAINTIFFS' MOTIONS FOR AN ORDER OF REMAND |
| EVELYN JANE GIBO, individually and on behalf of all others similarly situated,<br><br>            Plaintiffs,<br><br>   vs.<br><br>U.S. NATIONAL BANK ASSOCIATION, also known as U.S. BANK N.A., a national banking association; THE LAW OFFICE OF DAVID B. ROSEN, a Hawaii professional corporation; DAVID B. ROSEN, individually; et al.,<br><br>            Defendants.<br>_____ | CIVIL NO. 12-00514 SOM/RLP |

**ORDER ADOPTING THE MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION TO DENY PLAINTIFFS' MOTION FOR AN ORDER OF REMAND**

I.  INTRODUCTION.

Before this court are appeals in two cases that, while not consolidated, raise nearly identical issues. This court therefore considers the appeals together, in the interest of efficiency.

The first of the two cases involves a lawsuit against Defendants Deutsche Bank, The Law Office of David B. Rosen, and David B. Rosen by Plaintiffs Lionel Lima, Jr., Barbara-Ann Delizo-Lima, and Calvin Jon Kirby II, individually and on behalf of all others similarly situated.

The second of the two cases involves a lawsuit against Defendants U.S. Bank, The Law Office of David B. Rosen, and David B. Rosen by Plaintiff Evelyn Jane Gibo, individually and on behalf of all others similarly situated.

In each case, the Magistrate Judge was presented with a remand motion. In each case, the Magistrate Judge issued his Findings and Recommendation to Deny Plaintiffs' Motion for an Order of Remand ("F&R"). The F&Rs are nearly identical. The Limas and Gibo (collectively, "Plaintiffs") object to the F&Rs. See Lima Obj., ECF No. 57; Gibo Obj., ECF No. 74. After reviewing Plaintiffs' Objections, the court adopts the Magistrate Judge's recommendations that Plaintiffs' remand motions be denied.

**II.     STANDARD OF REVIEW.**

The court reviews *de novo* those portions of an F&R to which an objection is made. 28 U.S.C. § 636(b)(1); Fed. R. Civ.P. 72(b); Local Rule 74.2. The district court may accept those portions of the F&R that are not objected to if it is satisfied there is no clear error on the face of the record. Stow v. Murashige, 288 F. Supp. 2d 1122, 1127 (D. Haw. 2003).

**III.    ADOPTION OF "BACKGROUND" SECTION AND SUMMARY OF CAFA PROVISIONS.**

Plaintiffs state no objection to the "Background" section of the F&Rs (pages 2 to 5 of the F&R in the Lima case and pages 2 to 5 in the Gibo case), which summarizes facts pertinent to this remand issue. Similarly, while Plaintiffs object to the manner in which the F&Rs analyze and apply the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d), to the present cases, Plaintiffs raise no objection to the summary of CAFA provisions in the F&Rs (pages 6 to 11 of the F&R in the Lima case and pages 6 to 12 in the Gibo case). This court, having reviewed these sections to which no objection has been made, adopts the two sections.

**IV.     ANALYSIS.**

   **A.   This Court Has Diversity Jurisdiction.**

Plaintiffs argue that remand is required because this court does not have subject matter jurisdiction over these

3

actions.  The F&Rs disagree.  The F&Rs conclude that Plaintiffs have failed to prove that the "local controversy" exception applies.  Lima F&R at 6-16; Gibo F&R at 6-16.

CAFA applies to a class action in which the aggregate number of members in the proposed plaintiff class is 100 or more persons, provided the primary defendants are not states, state officials, or other governmental entities against which a federal court cannot order relief.  28 U.S.C. § 1332(d)(5).  Under CAFA, only "minimal diversity" is required to vest a federal court with diversity jurisdiction.  See Serrano v. 180 Connect, Inc., 478 F. 3d 1018, 1024 (9th Cir. 2007).  That is, a court may exercise diversity jurisdiction in a CAFA case even if every plaintiff's citizenship is not different from every defendant's citizenship.  Instead of requiring complete diversity, CAFA requires only that the aggregate amount in controversy exceed $5 million and that any class member have citizenship different from any defendant.  28 U.S. C. § 1332(d)(2).

Even if a removing party in a CAFA case establishes minimal diversity, a plaintiff is entitled to remand by showing that an exception to federal jurisdiction applies.  The only exception Plaintiffs rely on is the "local controversy" exception.

4

Plaintiffs seeking to establish that a class action is a "local controversy" must satisfy the criteria set forth in either subsection (A) or subsection (B) of 28 U.S.C. § 1332(d)(4).  Plaintiffs argue that they satisfy subsection (A).

The F&Rs take the position that Plaintiffs fail to satisfy three provisions in subsection (A).[1]

### 1. The "Significant Relief" Provision.

Under 28 U.S.C. 1332(d)(4)(A)(i)(II), Plaintiffs must show that at least one defendant satisfies three provisions.  One of those provisions, found at § 1332(d)(4)(A)(i)(II)(cc), requires that at least one defendant be "a citizen of the State

---

[1] A fourth provision in subsection (A) was in contention in proceedings before the Magistrate Judge.  That was the requirement in subsection (A)(i)(I) that "greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed."  Although Plaintiffs submitted declarations relating to the citizenship of some class members to the Magistrate Judge, and Defendants challenged the adequacy and admissibility of Plaintiffs' submissions in that regard, the F&Rs did not address the issue of whether Plaintiffs satisfied the "greater than two-thirds" requirement, perhaps because the determinations in the F&Rs that Plaintiffs failed to satisfy three other requirements were more than sufficient to preclude application of the "local controversy" exception.  Defendants did not object to the F&Rs on any ground, including its silence as to the "greater than two-thirds requirement."  Defendants nevertheless urge this court to address that requirement, noting that, on de novo review, this court may base a ruling adopting the F&Rs on any ground.  Although the court agrees with Defendants that it is not limited to the grounds relied on by the Magistrate Judge, the court sees no need to address a ground not covered by the F&Rs when there is more than one ground that is indeed discussed in the F&Rs pursuant to which, without more, the "local controversy" exception is inapplicable.

in which the action was originally filed." The only Defendants that Plaintiffs identify as citizens of Hawaii are The Law Office of David B. Rosen and David B. Rosen himself (collectively, "Rosen Defendants"). There is no dispute that the Rosen Defendants are citizens of Hawaii.

However, § 1332(d)(4)(A)(i)(II)(aa) requires that Plaintiffs also show that at least one defendant who is a citizen of Hawaii is a defendant "from whom significant relief is sought by members of the plaintiff class." This is a requirement that Plaintiffs do not satisfy.

In the Lima case, Plaintiffs estimate that there are 550 members of the putative class, of which about 50 were involved in foreclosures handled by the Rosen Defendants. This is less than 10 percent of the members of the plaintiff class. Plaintiffs allege that the Rosen Defendants caused other law firms or lawyers not sued by Plaintiffs in Lima to damage other class members. Even if this court recognizes claims by those class members against the Rosen Defendants, the number of class members seeking relief from the Rosen Defendants appears to be in the neighborhood of 150.

The numbers in the Gibo case are similar. Plaintiffs contend that the class contains over 550 members, more than 50 of whom were involved in foreclosures handled by the Rosen Defendants. Adding other class members involved in foreclosures

6

handled by other lawyers who were allegedly influenced by the Rosen Defendants brings the number of class members seeking relief from the Rosen Defendants to more than 140.

The "significant relief" requirement is met if relief is sought from the Rosen Defendants "for most, if not all, of the proposed plaintiff class." Coleman v. Estes Express Lines, Inc., 730 F. Supp. 2d 1141, 1157 (C.D. Cal. 2010)(citations omitted), aff'd, 631 F. 3d 1010 (9th Cir. 2011).  Plaintiffs do not even argue that most of the members of the putative classes in Lima and Gibo seek relief from the Rosen Defendants.

Plaintiffs confusingly argue that the Magistrate Judge erred in referring to class members seeking relief from the Rosen Defendants as a "subset" of the class, instead of a "subclass." Lima Obj. at 34; Gibo Obj. at 33.  For purposes of analyzing the "significant relief" provision, the distinction is lost on this court.

Noting that the "significant relief" provision refers to "members of the plaintiff class," Plaintiffs suggest that the reference to "members" somehow allows a court to focus on less than the entire class.  Lima Obj. at 34; Gima Obj. at 33.  This suggestion reads the reference to "the plaintiff class" right out of the statute.  It is not clear to this court exactly how Plaintiffs think the word "members" reduces the showing required

7

by the "significant relief" provision.  In any event, Plaintiffs cite no authority for their suggestion.

In objecting to the F&Rs, Plaintiffs make no other attempt to grapple with the authorities cited in the F&Rs.  All of those authorities indicate that too few of the members of the class seek relief from the Rosen Defendants for that relief to qualify as "significant relief . . . sought by members of the plaintiff class."  Without repeating the analysis in the F&Rs concerning the "significant relief" requirement, this court adopts that careful and detailed analysis.

### 2. The "Significant Basis" Requirement.

A separate requirement for establishing that a class action is a "local controversy" is found in subsection (A)(i)(II)(bb) of § 1332(d)(4).  That provision requires that at least one Hawaii defendant be a defendant "whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class."

Plaintiffs concede that this provision looks to the class as a whole.  Lima Obj. at 34; Gibo Obj. at 34.

Plaintiffs then argue that the Rosen Defendants must be "significant defendants" because they were performing acts required by statute to be performed by lawyers.  Lima Obj. at 35-36; Gima Obj. at 35.  This is a non sequitur.  Plaintiffs were required to show that the Rosen Defendants' conduct forms a

8

"significant basis" for the claims asserted, not that the Rosen Defendants are "significant defendants."  Again, Plaintiffs do not even attempt to address the analysis or authorities relied on by the F&Rs.

This court adopts without repeating the analysis in the F&Rs of the "significant basis" requirement.

### 3. The Prohibition on Similar Class Actions.

Section 1332(d)(4)(a)(ii) states that a federal court shall not exercise jurisdiction over a class action in which, "during the 3-year period preceding the filing of that class action, no other class action has been filed asserting the same or similar factual allegations against any of the defendants on behalf or the same or similar persons."

The F&Rs considered the Lima and Gibo actions to be class actions "asserting the same or similar factual allegations against any of the defendants on behalf of the same or similar persons."  The F&Rs also noted that Lima was filed shortly after, but on the same day, as Gibo, so that, in the Lima case, Plaintiffs cannot claim that "during the 3-year period preceding the filing" of Lima, no other class action has been filed asserting similar allegations against any defendant on behalf of similar persons.  With respect to Gibo, the F&Rs concluded that it would violate the spirit of the "local controversy" exception

9

to ignore the <u>Lima</u> action, even if the filing of the <u>Lima</u> case did not technically "precede" the filing of the <u>Gibo</u> case.

Having reviewed the F&Rs and the parties' submissions, this court, while viewing the F&Rs as clearly having the better of the argument, determines that it need not rely on this provision for purposes of addressing Plaintiffs' Objections. Having run afoul of the "significant relief" and "significant basis" requirements, Plaintiffs do not show that their actions constitute "local controversies."

>    **B.   Plaintiffs Do Not Show Removal by Nonparties or Lack of a Case or Controversy.**

Plaintiffs alternatively argue that the banks removed the <u>Lima</u> and <u>Gibo</u> actions to this court in their trustee capacities, but no trustee is named as a party to these actions. Plaintiffs contend that there is really no dispute between Plaintiffs and the banks as trustees, which Plaintiffs characterize as nonparties.

As noted in the F&Rs, the removal notices filed in this court identified the removing entities as trustees for other entities, but also noted that, if Plaintiffs were proceeding against the banks in the banks' other capacities, then the removal notices applied with equal force to those other capacities.  Lima Notice of Removal, ECF No. 1; Gibo Notice of Removal, ECF No. 1.  This court agrees with the Magistrate Judge

that the language of the removal notices is fatal to Plaintiffs' argument about removal by nonparties.

Plaintiffs appear to be arguing that the banks had no right to foreclose in any capacity at all, meaning that Plaintiffs are suing the banks in connection with foreclosures that were wrongful without regard to violations of the procedural requirements for foreclosures. In response to Plaintiffs' arguments about removal by nonparties and about case or controversy requirements, the banks go to great lengths to establish that they had a right to foreclose. The court cannot help concluding that the parties have wasted an inordinate amount of time on matters that this court need not determine in connection with any remand issue. As the F&Rs recognize, whether the banks had a right to foreclose is simply immaterial to the motions to remand.

Plaintiffs are clearly suing the banks in the actions at issue. The banks have removed in whatever capacities they are being sued in. Whether the banks should or should not have foreclosed, the banks are parties with the right to remove! Having sued the banks, Plaintiff can hardly argue that there is no controversy between Plaintiffs and the banks.

### C. This Court Need Not Address the "Fraudulent Joinder" Argument.

Recognizing that it did not need to address Defendants' argument that the Rosen Defendants had been "fraudulently joined"

11

to defeat diversity jurisdiction, the F&Rs nonetheless, for the purpose of completeness (and doubtless to assist this court on review), included a detailed discussion of that alternative argument.  At this point, this court sees no need to address this issue.  Whether the Rosen Defendants are properly in this case or not does not affect diversity jurisdiction and therefore need not be addressed here.  See Serrano, 478 F. 3d at 1024 (explaining that "minimal diversity" suffices under CAFA).

**V.     CONCLUSION.**

The court adopts the F&Rs except with regard to the "similar class actions" issue and the "fraudulent joinder" issue.  The F&Rs may well be correct with respect to those issues, but they are unnecessary to the present ruling.  Plaintiffs' motions to remand are denied on the other bases set forth in the F&Rs.

The Clerk of Court is directed to docket this Order in both the Lima and Gibo cases.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, March 29, 2013.



/s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

LIONEL LIMA, ET AL. v. DEUTSCHE BANK, ET AL., Civ. No. 12-00509 SOM/RLP **AND** EVELYN JANE GIBO, ET AL. v. U.S. NATIONAL BANK ASSOCIATION, ET AL., Civ. No. 12-00514 SOM/RLP; ORDER ADOPTING IN PART THE MAGISTRATE JUDGE'S FINDINGS AND ADOPTING RECOMMENDATIONS TO DENY PLAINTIFFS' MOTIONS FOR AN ORDER OF REMAND