IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| LIONEL LIMA, JR., and BARBARA-ANN DELIZO-LIMA; and CALVIN JOHN KIRBY, individually and on behalf of all others similarly situated, | ) ) ) ) ) ) ) | CIVIL. NO. 12-00509 SOM/RLP<br><br>ORDER MODIFYING THE MAGISTRATE JUDGE'S FINDINGS AND ADOPTING RECOMMENDATION THAT MOTIONS FOR RULE 11 SANCTIONS BE DENIED |
| Plaintiffs, | ) ) | |
| vs. | ) ) | |
| DEUTSCHE BANK NATIONAL TRUST COMPANY; THE LAW OFFICE OF DAVID B. ROSEN, a Hawaii professional corporation; DAVID B. ROSEN, individually; et al., | ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |
| EVELYN JANE GIBO, individually and on behalf of all others similarly situated, | ) ) ) ) ) | CIVIL NO. 12-00514 SOM/RLP |
| Plaintiffs, | ) ) | |
| vs. | ) ) | |
| U.S. NATIONAL BANK ASSOCIATION, also known as U.S. BANK N.A., a national banking association; THE LAW OFFICE OF DAVID B. ROSEN, a Hawaii professional corporation; DAVID B. ROSEN, individually; et al., | ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

**ORDER MODIFYING THE MAGISTRATE JUDGE'S FINDINGS AND ADOPTING RECOMMENDATION THAT MOTIONS FOR RULE 11 SANCTIONS BE DENIED**

I.        INTRODUCTION.

Before the court are rulings by the Magistrate Judge declining to issue sanctions under Rule 11 of the Federal Rules of Civil Procedure against Plaintiffs Lionel Lima Jr., Barbara-Ann Delizo Lima and Calvin Jon Kirby II in Civil No. 12-00509, and against Plaintiff Evelyn Jane Gibo in Civil No. 12-00514 (collectively, "Plaintiffs") and their attorneys.  These rulings address motions filed by Defendants The Law Offices of David B. Rosen and David B. Rosen (collectively, "Rosen Defendants").  Lima v. Deutsche Bank Nat. Trust Co., Civ. No. 12-00509, 2013 WL 1856255 (D. Haw. Apr. 30, 2013).

On May 06, 2013, this court granted the Rosen Defendants' motions to dismiss the cases pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  ECF No. 77 in Lima; ECF No. 94 in Gibo.  The Rosen Defendants moved for sanctions against Plaintiffs in both cases.  ECF No. 75 in Lima; ECF No. 92 in Gibo.  On July 29, 2013, the Magistrate Judge issued an order denying the Rosen Defendants' motions for sanctions.  The Rosen Defendants have appealed the Magistrate Judge's order.  ECF No. 110 in Lima; ECF No. 139 in Gibo. Plaintiffs, although prevailing on the sanction issue, have also filed objections.

This court, pursuant to Local Rules 72.9 and 74.2, treats the Magistrate Judge's ruling as his Findings and Recommendation ("F & R") and reviews the matter de novo. This court adopts the Magistrate Judge's recommendation that Rule 11 sanctions be denied, while modifying his findings in part.

II.    **BACKGROUND**

The F & R includes a detailed recitation of the facts underlying this case. That recitation is adopted here. In summary, Plaintiffs owned properties that were foreclosed upon by Deutsche Bank National Trust Company and U.S. Bank National Association (the "Banks"). The Rosen Defendants provided legal representation to the Banks in foreclosure proceedings involving Plaintiffs in both the <u>Lima</u> and <u>Gibo</u> cases.[1]

Plaintiffs' claims against the Banks and the Rosen Defendants revolved around two assertions: first, that "the Banks breached a duty to Plaintiffs by advertising foreclosure sales through which only quitclaim deeds would be provided"; and second, that "the Banks violated section 667-5 of Hawaii Revised Statutes by failing to publish notices of the postponements of the foreclosure auctions." ECF No. 77 in <u>Lima</u> at 12; ECF No. 94 in <u>Gibo</u> at 12. At a hearing on Defendants' motions to dismiss

_____

[1] Rosen Defendants did not represent Deutsche Bank during the Limas' foreclosure, but represented Deutsche Bank in Plaintiff Kirby's foreclosure, which is also at issue in the <u>Lima</u> case. <u>See</u> ECF No. 68 at 11 in <u>Lima</u>.

before this court, "Plaintiffs clarified that their only allegation against the Rosen Defendants pertained to their alleged involvement in the postponement scheme, not to the quitclaim deed allegations."  ECF No. 77 in Lima at 18;  ECF No. 94 in Gibo at 18.

        Plaintiffs filed their First Amended Complaint in state court on September 06, 2012, and the case was removed to federal court on October 10, 2012.[2]  On November 1, 2012, counsel for the Rosen Defendants served Plaintiffs' attorneys with a "safe harbor" letter pursuant to Rule 11(c)(2), informing Plaintiffs of the Rosen Defendants' intention to bring a motion for sanctions and giving Plaintiffs 21 days to withdraw their claims against the Rosen Defendants in both the Lima and Gibo cases.  See ECF No. 75-3 in Lima; ECF No. 92-3 in Gibo.  The Rosen Defendants then filed motions to dismiss Plaintiffs' First Amended Complaints in both cases, see  ECF No. 30 in Lima; ECF No. 38 in Gibo, followed by a second Rule 11 letter, see ECF No. 75-4 in Lima.  Plaintiffs neither responded to the Rosen Defendants' safe harbor letter, nor withdrew or amended their claims against the Rosen Defendants.  See ECF No. 75-1 at 7 in Lima.  On May 01, 2013, the Rosen Defendants filed their motions for Rule 11 sanctions in both cases.  ECF No. 75 in Lima; ECF No. 92 in Gibo.

---

        [2] Plaintiffs' motion to remand was denied by this court on March 29, 2013.  ECF No. 67 in Lima;  ECF No. 84 in Gibo.

4

On May 06, 2013, this court granted the Banks' and the Rosen Defendants' motions to dismiss both the <u>Lima</u> and <u>Gibo</u> cases.  ECF No. 77 in <u>Lima</u>; ECF No. 94 in <u>Gibo</u>.  On July 29, 2013, the Magistrate Judge issued an order denying the Rosen Defendants' motions for Rule 11 sanctions.  ECF No. 96 in <u>Lima</u>; ECF No. 125 in <u>Gibo</u>.  Even though they were the prevailing party with respect to the Rule 11 proceedings, Plaintiffs filed objections to the Magistrate Judge's findings on August 08, 2013. ECF No. 97 in <u>Lima</u>;  ECF No. 126 in <u>Gibo</u>.  The Rosen Defendants moved for reconsideration of the sanctions order on August 12, 2013.  ECF No. 99 in <u>Lima</u>; ECF No. 128 in <u>Gibo</u>.  This court held Plaintiffs' objections in abeyance until the Magistrate Judge had ruled on the motion for reconsideration.  On September 12, 2013, the Magistrate Judge denied the Rosen Defendants' motion for reconsideration.  ECF No. 108 in <u>Lima</u>; ECF No. 137 in <u>Gibo</u>.  The Rosen Defendants then "appealed" in both cases from the Magistrate Judge's determination on September 26, 2013; the same day, Plaintiffs filed a new set of objections--this time to selected language in the Magistrate Judge's reconsideration order.  ECF Nos. 109, 110 in <u>Lima</u>; ECF Nos. 138, 139 in <u>Gibo</u>. This court now rules on both sets of Plaintiffs' objections and on the Rosen Defendants' "appeals."

III.        STANDARD OF REVIEW.

        Under Local Rule 72.9, post-judgment motions for sanctions are automatically referred to a magistrate judge, who then "shall submit to a district judge findings and recommendations."  L.R. 72.9.  This court must review the findings and recommendations in accordance with Local Rule 74.2, which requires this court to "make a de novo determination of those portions of the report . . . to which objection is made."  L.R. 74.2.  The de novo standard requires the district court to consider a matter anew and arrive at its own independent conclusions.  <u>United States v. Remsing</u>, 874 F.2d 614, 617 (9th Cir.1989).  This court may accept, reject, or modify, in whole or in part, the findings or recommendations.  <u>Id.</u>

        In this case, the Magistrate Judge issued an "order" denying Rule 11 sanctions, rather than an F & R.  Rule 72.9, however, required that any post-judgment sanction analysis be in the form of an F & R.  This is because a Rule 11 sanctions motion based on the frivolousness of a complaint requires a court to examine the substance of a party's claims and potentially order a monetary award based on their merit.  <u>Alpern v. Lieb</u>, 38 F.3d 933, 935 (7th Cir. 1994) (noting that magistrate judges may not issue orders for Rule 11 sanctions because they "finally resolve[] a claim for money").

6

The Ninth Circuit recognizes that Rule 11 sanction rulings by magistrate judges may sometimes come in the form of orders, particularly when those sanctions are inextricably intertwined with discovery issues that are wholly collateral to the final resolution of the underlying claim.  See Maisonville v. F2 Am., Inc., 902 F.2d 746, 748 (9th Cir. 1990).  In such a circumstance, a Rule 11 order acts as the equivalent of a discovery sanctions order under Rule 37 of the Federal Rules of Civil Procedure.

The Rosen Defendants' motions are not akin to Rule 37 motions, instead seeking sanctions based on the frivolousness of Plaintiffs' claims.  Because, in this case, the "purported order was dispositive of the Rule 11 matter and, consequently, dispositive of a claim [for money] of a party[,] . . . the magistrate judge should have issued a report and recommendation for *de novo* review by the district court."  Bennett v. Gen. Caster Serv. of N. Gordon Co., Inc., 976 F.2d 995, 998 (6th Cir. 1992).

Even if the Magistrate Judge was correct in issuing an order rather than an F & R, the Federal Magistrates Act, 28 U.S.C. § 636(b)(1)(A), does not *prohibit* a district court from conducting de novo review of even nondispositive rulings, and no party is prejudiced by this court's decision to comply with Local Rule 72.9 and to review the matter de novo.

Therefore, this court treats the Magistrate Judge's order as an F & R and does review it de novo.  This court deems the Rosen Defendants' "appeals" to be objections within the meaning of Local Rule 74.2.  This court also considers Plaintiffs' various objections to the F & R, and reviews de novo all parts of the F & R that have been objected to.

IV.        **RULE 11 LEGAL STANDARD.**

Rule 11(b) of the Federal Rules of Civil Procedure requires parties to "certif[y] that to the best of the[ir] knowledge, information, and belief, formed after an inquiry reasonable under the circumstances" the following:

> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; [and]

> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery . . . .

Fed. R. Civ. P. 11(b).  Rule 11 applies to all pleadings and written motions filed with the court.  Fed. R. Civ. P. 11(a).

If the court determines that Rule 11(b) has been violated, "the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation."  Fed. R. Civ. P. 11(c).  When Rule 11 sanctions are party-initiated, the burden is on the

8

moving party to demonstrate why sanctions are justified.  See Tom Growney Equip., Inc. v. Shelley Irr. Dev., Inc., 834 F.2d 833, 837 (9th Cir. 1987); cf. United Nat. Ins. Co. v. R&D Latex Corp., 242 F.3d 1102, 1116 (9th Cir. 2001) (holding that "sua sponte sanctions will ordinarily be imposed only in situations that are akin to a contempt of court").

Rule 11 sanctions may appropriately be imposed on the signer of a court filing if it "is filed for an improper purpose, or . . . [is] frivolous."  Townsend v. Holman Consulting Corp., 929 F.2d 1358, 1362 (9th Cir. 1990) (en banc).  The Ninth Circuit uses the word "frivolous" as shorthand to denote a filing that is "both baseless and made without a reasonable and competent inquiry."  Id.  "The standard governing both inquiries is objective."  Id.  In other words, a court must decide whether "a reasonable attorney [would] have believed plaintiffs' complaint to be well-founded . . . based on what a reasonable attorney would have known at the time."  In re Keegan Mgmt. Co., Sec. Litig., 78 F.3d 431, 434 (9th Cir. 1996).  The "baseless" and "reasonable inquiry" requirements are conjunctive, not disjunctive.  Therefore, "[a]n attorney may not be sanctioned for a [filing] that is not well-founded, so long as she conducted a reasonable inquiry."  Id.  By the same token, a signer cannot "be sanctioned for a complaint which is well-founded, solely because she failed to conduct a reasonable inquiry[.]"  Id.  Indeed,

"[b]ecause the frivolousness prong of Rule 11 is measured by objective reasonableness, whether [a party] actually relied on the cases which show its claims aren't frivolous is irrelevant." Id. (internal citations omitted).

"Rule 11 is an extraordinary remedy, one to be exercised with extreme caution." Operating Engineers Pension Trust v. A-C Co., 859 F.2d 1336, 1345 (9th Cir. 1988). Sanctions are reserved "for the rare and exceptional case where the action is clearly frivolous . . . ." Id. at 1344.

**V.       ANALYSIS.**

In the Ninth Circuit, a filing is frivolous only if it is "*both* baseless *and* made without a reasonable and competent inquiry." Townsend, 929 F.2d at 1362 (emphasis added). The Magistrate Judge analyzed the two prongs of the Townsend test independently, and found that, although Plaintiffs' filings were "baseless," Plaintiffs had nonetheless conducted a "reasonable inquiry" sufficient to avoid sanctions.

Clearly, the reason the test has two prongs is that there are situations in which a baseless filing does not equate with a failure to conduct a reasonable inquiry. For example, factual errors in a complaint that may render a plaintiff's claims "baseless" do not violate Rule 11 if the attorney expends significant effort in authenticating the validity of the

ultimately false factual allegations.  See Greenberg v. Sala, 822 F.2d 882, 887 (9th Cir. 1987).

However, when a Rule 11 violation is alleged based solely on *legal* arguments, a baseless filing will likely itself be evidence that an objectively reasonable inquiry was lacking. When legal arguments are objectively baseless, "[e]ven the most cursory legal inquiry [should] reveal [the deficiency.]"  Holgate v. Baldwin, 425 F.3d 671, 677 (9th Cir. 2005).  In such situations, the two prongs of Townsend essentially merge, and a plaintiff bringing a "baseless" claim will, by definition, be unable to show that his inquiry was objectively "competent and reasonable."  See Zaldivar v. City of Los Angeles, 780 F.2d 823, 831 (9th Cir. 1986) ("[The] conclusion drawn from the research undertaken must itself be defensible.  Extended research alone will not save a claim that is without legal or factual merit from the penalty of sanctions.").

When, as here, the moving party in effect argues that an attorney did not conduct a reasonable and competent inquiry *because* their claims are baseless, the two prongs of Townsend are satisfied by answering the same question: did the attorney "perform adequate legal research that confirms whether the theoretical underpinnings of the complaint are warranted by existing law or a good faith argument for an extension, modification or reversal of existing law"?  Christian v. Mattel,

11

Inc., 286 F.3d 1118, 1127 (9th Cir. 2002) (internal quotation omitted).

Instead of engaging in this unified inquiry, the F & R divides its analysis of the two <u>Townsend</u> prongs into separate sections.  In analyzing the first <u>Townsend</u> prong, the Magistrate Judge, viewing Plaintiffs' claims as baseless, noted that this court had held that "[n]o statute, contract provision, or case authority" directly supported Plaintiffs' position.  As appreciative as any judge may be of another judge's reliance and reiteration of a ruling, "[t]he simple fact that an attorney's legal theory failed to persuade the district court" does not render that theory baseless.  <u>Operating Engineers Pension Trust</u>, 859 F.2d at 1344.  A claim is typically not described as "baseless" unless "no reasonable litigant could realistically expect success on the merits."  <u>Prof'l Real Estate Investors, Inc. v. Columbia Pictures Indus., Inc.</u>, 508 U.S. 49, 60 (1993).

To avoid having their claims deemed "baseless," Plaintiffs need not be "correct in [their] perception of the law," but need only "state[] an arguable claim."  <u>Riverhead Sav. Bank v. Nat'l Mortgage Equity Corp.</u>, 893 F.2d 1109, 1115 (9th Cir. 1990) (citation omitted).  A claim that has "some plausible basis, [even] a weak one," is sufficient to avoid sanctions under Rule 11.  <u>United Nat. Ins. Co. v. R&D Latex Corp.</u>, 242 F.3d 1102, 1117 (9th Cir. 2001).  Typically, "a novel issue of law as to

12

which there is no caselaw to the contrary would not be subject to Rule 11 sanctions." Strom v. United States, 641 F.3d 1051, 1059 (9th Cir. 2011). Because the F & R appears to equate baselessness and meritlessness, this court declines to adopt the findings in Part A of the F & R's Analysis section.

The F & R does not separately examine each claim identified by the Rosen Defendants as frivolous. Because even the presence of a single frivolous or improper claim can give rise to a Rule 11 violation, a court must individually assess each claim that a moving party alleges is frivolous to determine whether *any* claim justifies the imposition of sanctions. Townsend, 929 F.2d at 1363 (noting that such a rule is required to prevent "a party that has one non-frivolous claim [from] pil[ing] on frivolous allegations without a significant fear of sanctions"). The Rosen Defendants challenge Plaintiffs' claims under sections 667-5 and 480-2 of Hawaii Revised Statutes, and also appear to argue that the complaint as a whole has been filed for the improper purpose of harassing the Rosen Defendants and/or fraudulently defeating diversity jurisdiction.

Therefore, while adopting the Magistrate Judge's recommendation that sanctions be denied, this court modifies the findings of the F & R. Part A and Part B of the Analysis section of the F & R are modified as set forth below. This court addresses each of the Rosen Defendants' challenges individually,

to determine whether Plaintiffs have met the "low bar" required to avoid sanctions under Rule 11.  <u>Strom</u>, 641 F.3d at 1059.

**A.    The Rosen Defendants' Threshold Arguments.**

As an initial matter, the Rosen Defendants provide two threshold reasons for saying that all of Plaintiffs' claims against them are frivolous.  First, they argue that an attorney cannot be liable for violations of section 667-5 of Hawaii Revised Statutes because an attorney owes no "duty of care" to Plaintiffs.  Second, they argue that section 480-2 of Hawaii Revised Statutes, under which Plaintiffs sue, is inapplicable because it applies only to "consumers" and Plaintiffs are not "consumers" of the Rosen Defendants' services.  Because this court held in its dismissal order that the Rosen Defendants had not violated section 667-5 of Hawaii Revised Statutes, this court declined to address these two threshold matters in that order. However, for purposes of a Rule 11 motion, this court must assess any grounds under which a complaint may be deemed frivolous or improper, and the court therefore turns now to these two threshold questions.

First, the Rosen Defendants argue that Plaintiffs' claims against them are baseless because the Rosen Defendants owed no a "duty of care" to "adverse parties" such as Plaintiffs. The Rosen Defendants rely primarily on <u>Buscher v. Boning</u>, 114 Haw. 202, 220, 159 P.3d 814, 832 (2007), and similar cases

14

involving allegations of legal malpractice in connection with actions aimed at adverse parties in judicial proceedings. Plaintiffs argue that Buscher and similar cases are inapposite because, while attorneys may not owe a general duty of care to adverse parties or even a general fiduciary duty to mortgagors in foreclosure proceedings, section 667-5 of Hawaii Revised Statutes creates a specific statutory duty when it instructs an attorney to be the one carrying out a foreclosure, and, in particular, to "[g]ive any notices and do all acts as are authorized or required by the power contained in the mortgage."  Haw. Rev. Stat. § 667-5(a)(3).  Furthermore, Plaintiffs argue that section 480-2 of Hawaii Revised Statutes creates a statutory duty for attorneys managing the foreclosure sales process to avoid committing "unfair or deceptive acts."  Haw. Rev. Stat. § 480-2(a).

These statutory duties, according to Plaintiffs, make the Rosen Defendants liable under sections 667-5 and 480-2 of Hawaii Revised Statutes.  Without opining on the underlying merit of Plaintiffs' argument, the court recognizes that the specific statutory duties at issue in this case are not entirely equatable with the authorities the Rosen Defendants rely on.  Plaintiffs' argument that sections 667-5 and 420-2 of Hawaii Revised Statutes create special statutory duties for lawyers administering the sale of foreclosed property is not, under the authorities

advanced by the Rosen Defendants, so implausible as to be baseless.

In their second threshold argument, the Rosen Defendants argue that Plaintiffs' claims under section 480-2 of Hawaii Revised Statutes are frivolous, because that provision applies only to "consumers" and Plaintiffs are not consumers of the Rosen Defendants' services.  Plaintiffs note, however, that in Flores v. Rawlings Co., LLC, 117 Haw. 153, 177 P.3d 341 (2008), the Hawaii Supreme Court held that "chapter 480 does not require that one be a 'consumer' of the defendant's goods or services, but merely a 'consumer'[]" in the "underlying transaction." Id. at 164.  "Mortgage loans made by financial institutions to consumers are within the scope of section 480." Hawaii Cmty. Fed. Credit Union v. Keka, 94 Haw 213, 227, 11 P.3d 1, 15 (2000).  Plaintiffs contend that having been consumers in the underlying loan transaction, they were "consumers" for the purposes of their section 480-2 claim against the Rosen Defendants.

Plaintiffs' argument is far from convincing.  The statutory provision at issue in Flores, which governs the conduct of debt collection agencies, specifically states that "a violation of this chapter by a collection agency shall constitute unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce for the purpose

16

of section 480-2."  Haw. Rev. Stat. § 443B-20.  Section 667-5 has

no analogue that automatically makes a violation of section 667-5

a violation of section 480-2.  Nevertheless, section 480-2 "is

remedial in nature and must be liberally construed."  Hawaii

Cmty. Fed. Credit Union, 94 Haw. at 229.  This court therefore

concludes that Plaintiffs' argument to extend the reasoning of

Flores into this novel context is not baseless.

> B.   **The Rosen Defendants' Arguments for Sanctions
>      Based on Plaintiffs' Claims under Sections 667-
>      5(d) and 667-5(a)(3) of Hawaii Revised Statutes.**

Having concluded that neither of the Rosen Defendants'

threshold arguments renders Plaintiffs' claims baseless, this

court turns to the Rosen Defendants' arguments for sanctions

based on Plaintiffs' alleged misreading of section 667-5 of

Hawaii Revised Statutes.  The Rosen Defendants argue that

Plaintiffs' claims against them are frivolous because section

667-5 of Hawaii Revised Statutes places no obligation on the

Rosen Defendants to publish a new written notice for each

postponement.  Section 667-5 requires an attorney to advertise

any postponement of a sale through "public announcement."  While

this court found in its dismissal order that "no statute,

contract provision, or case authority equates 'announcement' with

'publication'," that does not mean that Plaintiffs' argument was

wholly implausible.  As the Ninth Circuit has noted, "Neither HRS

§ 667-5 nor Hawaii case law defines the term 'public

announcement.'" In re Kekauoha-Alisa, 674 F.3d 1083, 1088 (9th Cir. 2012).  It is therefore not "baseless" to suggest that the required public announcement be written as opposed to oral.

In support of their argument that sanctions are justified for this claim, the Rosen Defendants rely primarily on a bankruptcy court case decided in 2007 that interpreted § 667-5(d) as requiring oral notice only.  In re Kanamu-Kalehuanani Kekauoha-Alisa, 05-01215, 2007 WL 1752266 (Bankr. D. Haw. June 15, 2007).  However, neither that case, nor the Bankruptcy Appellate Panel's affirmance of that part of the order, In re Kekauoha-Alisa, 407 B.R. 442 (B.A.P. 9th Cir. 2009), is binding on this court, and Plaintiffs were entitled to explore whether this court was persuaded by those authorities.

The Rosen Defendants attempt to find further support in the Ninth Circuit's holding in In re Kekauoha-Alisa, 674 F.3d 1083 (9th Cir. 2012), which was an appeal of another order in the same bankruptcy case.  However, in that case, the Ninth Circuit affirmed only the notion that engaging in several "private conversations" with potentially interested buyers did not meet section 667-5's "public announcement" requirement.  Id. at 1088. The Ninth Circuit did not purport to decide whether a public oral announcement was sufficient to meet the statute's requirements, or whether written publication was required.  While this court has ruled that such an oral announcement does indeed suffice, it

recognizes that Plaintiffs were arguing for "extending [and] modifying" existing law.  Fed. R. Civ. P. 11(b).  That kind of argument is not, without more, baseless.

Similarly, Plaintiffs' argument that the Rosen Defendants violated section 667-5(a)(3) is not baseless.  Section 667-5(a)(3) requires a foreclosing attorney to "[g]ive any notices and do all acts as authorized or required by the power contained in the mortgage."  The mortgage contracts at issue in both Lima and Gibo state that the "Lender shall publish notice of sale and shall sell the Property at the time and place and under the terms specified in the notice of sale."  Plaintiffs contend that because the mortgage provision is phrased in the conjunctive, it requires *both* that the auction occur at the "time and place . . . specified in the notice of sale" *and* under the "terms specified in the notice of sale."  Such a reading would suggest that the parties to the mortgage agreement sought to contract out of the statutory protections of section 667-5(d), which specifically authorizes postponement via public announcement.  As this court noted in its dismissal order, this single sentence of the mortgage agreement does not make explicit the parties' desire to contract out of their statutory protections; instead, the parties agreed that the sale should be governed by the notice of sale, which itself parroted section 667-5's "public announcement" requirement.  Reading the contract

in light of the statutory context, this court rejected Plaintiffs' argument in its dismissal order.  However, Plaintiffs' argument, relying on only the statute's grammar and wording, is not wholly implausible, and Plaintiffs were entitled to press their novel claims before this court.

In short, Plaintiffs' claims under section 667-5 do not warrant the "extraordinary" measure of Rule 11 sanctions.

### C.   The Rosen Defendants' Arguments for Sanctions Based on Plaintiffs' Claim for Unlawful Conveyance of the Properties via Quitclaim Deed.

The Rosen Defendants further argue that Plaintiffs should be sanctioned for bringing a claim against them for having conveyed the Gibo and Lima properties under "quitclaim deed" rather than warranty deed.  Although Plaintiffs' counsel stated during the hearing on the motion to dismiss that he was not bringing such a claim against the Rosen Defendants, and the court therefore did not address it in its dismissal order, the Rosen Defendants nevertheless argue that they wasted "time and resources" defending against the alleged claim.  ECF No. 110-1 in Lima, at 10.

It is true that Plaintiffs' abandonment of a claim does not shield them from the possibility of Rule 11 sanctions. Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 395 (1990) ("As the violation of Rule 11 is complete when the paper is filed, a voluntary dismissal does not expunge the Rule 11 violation.")

20

(internal citation omitted).  However, it does not appear to the court that the First Amended Complaint in either case alleges any violation on the part of the Rosen Defendants for conveying the property via quitclaim deed.  The Rosen Defendants point to a single line in both pleadings that alleges that the Rosen Defendants were "responsible for ensuring [the banks'] compliance with HRS SS 667-5 in foreclosing on properties of members of the Class[.]"  ECF No. 14-7 in <u>Lima</u>, ¶ 10.  This reference appears to allege that the Rosen Defendants were liable for the postponement claim, not the warranty claim.  The Rosen Defendants themselves noted in their motions to dismiss that the claims against them "appear to be limited to the issue of whether [they] should be jointly liable to Plaintiffs with respect to allegations that [the banks were] required to publish notices of the postponed auctions."  ECF No. 30-1 in <u>Lima</u>, at 20.

Moreover, Plaintiffs did not appear to dispute the Rosen Defendants' characterization in their opposition to the motion to dismiss, nor substantively respond to the arguments that the Rosen Defendants made on this point.  ECF No. 68 in <u>Lima</u>.  The Rosen Defendants point to email communications in which Plaintiffs' attorney appears to be alleging that the Rosen Defendants were liable for the warranty claim.  ECF No. 110-1 in <u>Lima</u>, at 8.  But Rule 11 applies only to documents submitted to the court, not to communications between parties.  This court

21

will not impose the penalty of sanctions for a claim that
Plaintiffs have not clearly pressed at any stage of this
litigation.

> **D.    The Rosen Defendants' Arguments for Sanctions
> Based on Plaintiffs' Improper Motives.**

Finally, the Rosen Defendants appear to argue that Rule
11 sanctions are warranted on the basis of Plaintiffs' improper
motives: first, the Rosen Defendants allege they were
fraudulently joined to defeat diversity; second, they allege that
Plaintiffs' filings are part of a general strategy of harassing
them.  Whatever Plaintiffs' subjective intent may have been, it
is well settled that "complaints are not filed for an improper
purpose if they are non-frivolous."[3]  Townsend, 929 F.2d 1362.
Because the complaint is "the document which embodies the
plaintiff's cause of action and it is the vehicle through which
he enforces his substantive legal rights[,] . . . the bringing of
meritorious lawsuits by private individuals is one way that
public policies are advanced."  Id.  As a result, the Ninth
Circuit has held that "it would be counterproductive to use Rule
11 to penalize the assertion of non-frivolous substantive claims,

---

[3] While it is technically true that Plaintiffs' First
Amended Complaints were filed in state court and removed, "a
party [that] urges in federal court the allegations of a pleading
filed in state court . . . [is] viewed as presenting--and hence
certifying to the district court under Rule 11--those
allegations." Buster v. Greisen, 104 F.3d 1186, 1190 (9th Cir.
1997) (internal quotation omitted).

even when the motives for asserting those claims are not entirely pure." Id.  This court has deemed Plaintiffs' claims nonfrivolous.  This court therefore declines to examine the underlying motives for filing them.

The Rosen Defendants' arguments as to Plaintiffs' alleged failure to make a "reasonable and competent inquiry" themselves hinge on a finding of baselessness.  This court accordingly concludes that the Rosen Defendants have failed to carry their burden of demonstrating that Plaintiffs failed to make a reasonable and competent inquiry.

Finally, because this court rules that Rule 11 sanctions are not justified, we need not consider Plaintiffs' new argument that Rule 11 motions "cannot be granted after the district court has decided the merits of the underlying dispute giving rise to the questionable filing." Islamic Shura Council of S. California v. F.B.I., 725 F.3d 1012, 1014 (9th Cir. 2013).

In summary, while modifying the F & R's findings, this court adopts its overall recommendation that this is not the "rare and exceptional case" that justifies the imposition of sanctions under Rule 11. Operating Engineers Pension Trust, 859 F.2d at 1345.  Because the court has modified the findings that Plaintiffs objected to, those objections need not be further addressed.

23

## VI.        CONCLUSION.

The portions of the F & R objected to have been reviewed and modified.  The court here adopts the Magistrate Judge's recommendation that the Rosen Defendants' motions for Rule 11 sanctions be denied.


IT IS SO ORDERED.

DATED: Honolulu, Hawaii, October 30, 2013.



                        /s/ Susan Oki Mollway
                        Susan Oki Mollway
                        Chief United States District Judge




LIONEL LIMA, ET AL. v. DEUTSCHE BANK, ET AL., Civ. No. 12-00509 SOM/RLP AND EVELYN JANE GIBO, ET AL. v. U.S. NATIONAL BANK ASSOCIATION, ET AL., Civ. No. 12-00514 SOM/RLP; ORDER MODIFYING THE MAGISTRATE JUDGE'S FINDINGS AND ADOPTING RECOMMENDATION THAT MOTIONS FOR RULE 11 SANCTIONS BE DENIED.